UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| UNITED STATES OF AMERICA | Case No. 3:15-cr-05-RLY-CMM -08 |
| v. | ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A) |
| AMY R. ROBERTSON | (COMPASSIONATE RELEASE) |

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
EVANSVILLE DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:15-cr-00005-RLY-CMM |
| AMY ROBERTSON, | ) -08 | |
| Defendant. | ) | |

**ORDER**

Defendant Amy Robertson has filed a motion seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkt. 401. Ms. Robertson seeks immediate release from incarceration, or, in the alternative, to serve the remainder of her custodial term on home confinement.[1] *Id.* For the reasons explained below, her motion is **DENIED**.

**I. Background**

In 2016, Ms. Robertson pled guilty to one count of conspiracy to possess with the intent to distribute and to distribute 500 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1), and one count of being a felon in possession of a firearm, in violation of 18

---

[1] Pursuant to statute, the location of a prisoner's confinement is the sole province of BOP, and its placement decisions are "not reviewable by any court." 18 U.S.C. § 3621(b). The Court therefore does not have the authority to order the remainder of Ms. Robertson's sentence to be served on home confinement. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (district court lacks authority to order transfer to home confinement); *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (N.D. Ind. June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). Instead, in accordance with § 3582(c)(1)(A), the Court considers whether to reduce Ms. Robertson's sentence to time served. *See United States v. Millbrook*, No. 20-2147, 2021 WL 960743, at *2 (7th Cir. Mar. 15, 2021) (finding no error when district court failed to discuss defendant's alternative request for transfer to home confinement because the court had no authority to grant the request under § 3582, which authorizes only sentence "reductions").

U.S.C. § 922(g)(1). Dkts. 218, 239. According to the Presentence Investigation Report (PSR), Ms. Robertson was a member of a crystal methamphetamine trafficking ring operating in southwest Indiana. Dkt. 208. When she was arrested by law enforcement, Ms. Robertson had in her possession 10 grams of methamphetamine and a handgun. The parties stipulated and agreed that the readily provable quantity of actual methamphetamine attributable to Ms. Robertson is at least 4.5 kilograms of actual methamphetamine. The Bureau of Prisons (BOP) lists Ms. Robertson's anticipated release date (with good-conduct time included) as December 10, 2026.

Ms. Robertson is 35 years old. She is currently incarcerated at FMC Carswell in Fort Worth, Texas. As of July 9, 2021, the BOP reports that no inmates or staff members at FMC Carswell have active cases of COVID-19; it also reports that 660 inmates at FMC Carswell have recovered from COVID-19 and that 7 inmates at FMC Carswell have died from the virus. https://www.bop.gov/coronavirus/ (last visited July 9, 2021). The BOP reports that 1128 inmates and 283 staff members at FMC Carswell have been fully inoculated against COVID-19. *Id.* That is, more than 75 percent of the inmates at FMC Carswell have been fully inoculated against COVID-19. *See* https://www.bop.gov/about/statistics/population_statistics.jsp (showing that as of July 1, 2021, the BOP reports that FMC Carswell and the camp at FMC Carswell have a combined inmate population of 1459).

In May 2020, Ms. Robertson filed a motion for compassionate release. Dkt. 401. Several months later, she filed a supplement to her motion. Dkt. 424. The Court appointed counsel for Ms. Robertson, dkt. 405, and counsel thereafter filed a brief in support of the motion. Dkt. 453. The United States filed a brief in opposition, dkt. 456, and Ms. Robertson did not file a reply. Thus, the motion is now ripe for decision.

3

## II. Discussion

Ms. Robertson seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 453. Specifically, she contends that her underlying medical conditions (type 2 diabetes, mood disorder, sleep apnea, obesity and chronic leg pain), which make her more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce her sentence to time served. *Id.* The United States concedes that her medical conditions would typically establish extraordinary and compelling reasons possibly warranting release but argues that because she has already contracted—and recovered from—COVID-19, they do not in this case. Dkt. 456. The United States further argues that even if Ms. Robertson could show extraordinary and compelling reasons, she should not be released because she would pose a danger to the community, and the sentencing factors under § 3553 do not favor release. *Id.*

The general rule is that sentences imposed in federal criminal cases are final and may not be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C. § 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons ("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons." Now, a defendant is also permitted to file such a motion after exhausting administrative remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018). The amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the

4

defendant's facility, whichever is earlier,[2] may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—

> (i) extraordinary and compelling reasons warrant such a reduction; or
>
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission . . . .

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)."

---

[2] The United States does not argue that Ms. Robertson has failed to exhaust her administrative remedies.

U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in

§ 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction;[3] (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Ms. Robertson asks the Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case because of her underlying medical conditions. Even if the Court were to assume that Ms. Robertson has a condition that increases her risk of experiencing severe symptoms from COVID-19, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 9, 2021) (identifying the conditions that can make you more likely to get severely ill from COVID-19), she contracted COVID-19 in July 2020. Dkt. 424 at 2. Ms. Robertson states that she was under "strict isolation" and "received treatment," but there is no indication she suffered any severe symptoms then or now. According to her BOP records, Ms. Robertson had recovered from COVID-19 by July 29, 2020. Dkt. 453-2. Thus, she has not shown extraordinary and compelling reasons

---

[3] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180-81, the Court would typically consider the rationale provided by the warden in denying Ms. Robertson's request for relief. However, the warden has not yet responded to Ms. Robertson's May 6, 2020 administrative remedy. Dkt. 401 at 4. Thus, there is no decision for the Court to consider.

warranting a sentence reduction. *See, e.g.*, *United States v. Weatherspoon*, No. 2:11-cr-9-JMS-CMM-07, dkt. 894 (S.D. Ind. July 7, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had been hospitalized after testing positive for COVID-19, but had since recovered); *United States v. Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020) (finding no extraordinary and compelling reason where defendant had conditions putting him at risk for severe COVID-19 symptoms and had tested positive for COVID-19 but remained asymptomatic); *United States v. Young*, No. 3:15-cr-38-RLY-CMM-03, dkt. 139 (denying motion to reconsider and finding no extraordinary and compelling reason warranting release where defendant claimed to be experiencing chest pains and difficulty breathing several months after his COVID-19 diagnosis because the symptoms were not severe or debilitating).

Any potential concern about reinfection in the future does not change the result. The Court recognizes that FMC Carswell previously experienced a serious outbreak of COVID-19. Nonetheless, any reliance on the possibility that Ms. Robertson will be reinfected and suffer severe symptoms is speculative. *See* https://www.cdc.gov/coronavirus/2019-ncov/if-you-are-sick/quarantine.html (last visited July 9, 2021) ("Cases of reinfection of COVID-19 have been reported but are rare."). To date, this Court has declined to find extraordinary and compelling circumstances warranting a sentence reduction when a defendant has recovered from COVID-19—even when that defendant has risk factors for severe symptoms. *See*, *e.g.*, *Wyatt*, No. 3:17-cr-11-RLY-MPB-02, dkt. 165 (S.D. Ind. Sept. 3, 2020); *United States v. Gevirtz*, No. 1:17-cr-68-RLY-MJD-01, dkt. 68 (S.D. Ind. Sept. 14, 2020); *United States v. Young*, No. 1:10-cr-3-SEB-DML-17, dkt. 1540 (S.D. Ind. July 27, 2020). The fact that significant portions of the inmate

population in the BOP are now vaccinated—including more than three-quarters of the inmates at FMC Carswell—only underscores the speculative nature of any concern about reinfection.

Given the Court's determination that Ms. Robertson has not shown extraordinary and compelling reasons to justify her release, whether the § 3553(a) factors weigh in favor of her release need not be discussed at length. Nonetheless, the Court concludes that they weigh against release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Ms. Robertson's motion.

Here, Ms. Robertson suffers from medical conditions that increase her risk of experiencing severe symptoms if she contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited July 9, 2021) (identifying type 2 diabetes and obesity, as conditions that can make you more likely to get severely ill from COVID-19). That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. However, while

FMC Carswell experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success. https://www.bop.gov/coronavirus/ (last visited July 9, 2021) (showing that no inmates at FMC Carswell have a current COVID-19 infection). As of July 9, 2021, more than 75% of the inmates at FMC Carswell have been fully inoculated against COVID-19. *See id*. Thus, the chances that Ms. Robertson will be reinfected with COVID-19 have been substantially reduced. *See* https://www.cdc.gov/coronavirus/2019-ncov/vaccines/effectiveness/work.html (last visited July 9, 2021). In short, the Court is aware of the risk that Ms. Robertson faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

Also weighing in Ms. Robertson's favor under the Court's § 3553(a) analysis, she has only had two disciplinary infractions, both from 2019. Dkt. 453-3. Ms. Robertson has completed many BOP classes and programs, including drug education and financial responsibility. *Id.* The BOP gives her a low security classification. *Id.* If released, she plans to live with her father and will have the support of her sister. Dkt. 453-3. She also hopes to care for her minor children.

Weighing against her, Ms. Robertson was convicted of a very serious crime, involving a substantial amount of drugs. When she was arrested, she possessed a handgun. Ms. Robertson also has several felony convictions in her criminal history, including: (1) dealing in marijuana, possession of cocaine and possession of a controlled substance in 2005; (2) possession of marijuana in 2006; and (3) possession of methamphetamine and possession of a narcotic drug in 2014. Dkt. 208. With all of these convictions, Ms. Robertson eventually violated her probation at least once. The BOP rates Ms. Robertson as a high risk for recidivism. Finally, Ms. Robertson has only served 55% of her sentence and still has more than 5 years remaining before she is scheduled to be released.

In light of these considerations, the Court finds that releasing Ms. Robertson now would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. The Court is sympathetic to the risks Ms. Robertson faces from COVID-19 but does not find that the magnitude of those risks warrants releasing her from incarceration at this time. *See United States v. Saunders*, 986 F.3d 1076, 1078 (7th Cir. 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence).

### III. Conclusion

For the reasons stated above, Ms. Robertson's motion for compassionate release, dkt. [401], is **denied**.

**IT IS SO ORDERED.**

Date: 7/13/2021

RICHARD L. YOUNG, JUDGE
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel